UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FRANCIS MARKEY, )<br>)<br>         Petitioner  )<br>)<br>  vs.  )<br>)<br>UNITED STATES MARSHAL SERVICE, )<br>)<br>         Respondent  ) | CAUSE NO. 3:10-CV-61 RM |

## OPINION and ORDER

The complaint for issuance of an arrest warrant for Francis Markey seeking his extradition to Ireland pursuant to 18 U.S.C. § 3184 was filed on November 9, 2009. Magistrate Judge Christopher A. Nuechterlein issued the warrant, and Father Markey was arrested in South Bend, Indiana. Following the arrest, Magistrate Judge Nuechterlein conducted two hearings in this matter. The first – the identification hearing – was held on December 10, 2009: the extradition packet received from Ireland was offered into evidence by the government, admitted without objection from the petitioner, and tendered to Magistrate Judge Nuechterlein for his examination. At that hearing, the government also presented evidence to establish that Francis Markey, the person arrested in this district, was the same person sought in Ireland.

The second hearing – the probable cause hearing – was held on February 12, 2010: the government informed Magistrate Judge Nuechterlein that it was relying on the documents in the extradition packet submitted to the court on December

10 and would present no further evidence. Father Markey sought to introduce testimony from a psychologist relating to the statement of the complaining witness, but Magistrate Judge Nuechterlein declined to permit introduction of the psychologist's testimony. Father Markey also moved to dismiss the case against him, arguing that he couldn't be prosecuted in Ireland on the charges contained in the extradition request, so the request should be denied. Magistrate Judge Nuechterlein issued an Opinion and Order on February 18 denying Father Markey's motion to dismiss and revoking his conditions of release. That same day, the magistrate judge issued a Certification (and an amended Certification) of Extraditability and Warrant of Commitment directing that "Francis Markey be committed to the custody of the United States Marshal pending final disposition of this matter by the Secretary of State and the arrival of agents of the requesting state, at which time the extraditee will be transferred to the agents of the requesting state for return thereto to Ireland." Amd. Cert., at 3.

If, as here, the magistrate judge orders certification of a person's extraditability under 18 U.S.C. § 3184, no direct appeal may be taken. DeSilva v. DiLeonardi, 181 F.3d 865, 870 (7th Cir. 1999); Eain v. Wilkes, 641 F.2d 504, 508 (7th Cir. 1981). "Rather, an individual seeking to challenge a magistrate judge's extradition order must pursue a writ of habeas corpus" pursuant to 28 U.S.C. § 2241. Sidali v. I.N.S., 107 F.3d 191, 195 (3d Cir. 1997); *see also* Lindstrom v. Graber, 203 F.3d 470, 473 (7th Cir. 2000) ("Habeas corpus is the normal method of challenging an extradition order, such an order being unappealable."). Habeas

2

review of a certification of extraditability "is not a means for rehearing what the magistrate already has decided. . . . [H]abeas corpus is available only to inquire whether the magistrate had jurisdiction, whether the offense charged is within the treaty and, by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty." Fernandez v. Phillips, 268 U.S. 311, 312 (1925).

Father Markey filed his habeas petition on February 19, seeking relief from Magistrate Judge Nuechterlein's order issuing a Certification of Extraditability on three bases: (1) the government failed to produce any competent evidence of probable cause as required to support a finding of extraditability; (2) the Magistrate Judge erred in not allowing Father Markey to introduce "explanatory evidence" relating to Ireland's proof; and (3) the crime with which Father Markey is charged in Ireland was abolished in 1993. The government filed its response and submitted the extradition packet for this court's review. Father Markey filed his reply and has also requested a hearing on his petition. Having carefully reviewed the parties' submissions, the court concludes that no hearing is necessary and Father Markey's petition for writ of habeas corpus must be denied.

I. Discussion

<u>Jurisdiction of Magistrate Judge</u>

18 U.S.C. § 3184 provides, in pertinent part, that "[w]henever there is a treaty or convention for extradition between the United States and any foreign government, . . . any justice or judge of the United States, or any magistrate judge authorized so to do by a court of the United States, . . may . . . issue his warrant for the apprehension of the person so charged, that he may be brought before such justice, judge, or magistrate judge, to the end that the evidence of criminality may be heard and considered." Rule 72.1 of the Local Rules of the United States District Court for the Northern District of Indiana states that "Magistrate judges of this district are judicial officers of the Court and are authorized and specially designated to perform all duties authorized to be performed by United States magistrate judges by the United States Code and any rule governing proceedings in this Court." L.R. 72.1(b). No party disputes or raises a challenge to Magistrate Judge Nuechterlein's jurisdiction over the extradition proceedings.

<u>Applicable Treaty</u>

The Extradition Treaty Between the United States of American and Ireland, signed July 13, 1993, provides in Article II that "[a]n offense shall be an extraditable offense only if it is punishable under the law of both Contracting Parties by imprisonment for a period of more than one year, or by a more severe penalty." The parties haven't challenged the Treaty's validity or argued that the

4

Treaty doesn't apply to these proceedings. Instead, Father Markey claims the Irish government's request for extradition doesn't meet the Treaty's requirements and so issuance of the Certification of Extraditability was improper.

Father Markey maintains that the crime charged in the extradition request – "an offence at common law and as provided for by section 61 of the Offences Against the Person Act of 1861" – was abolished in 1993 and so can't form the basis for his extradition. Father Markey says current Irish law, found in Ireland's 1993 Criminal Sexual Offences Act, includes the offense of "buggery of a person under 17 years of age," but that crime isn't the crime charged in the extradition request. According to Father Markey, "while the new codified offense of buggery is similar to the charges alleged in the Extradition Request, it was not pled. It is not the responsibility of the United States to determine whether there is a comparable crime with which the petitioner could potentially be charged with under Irish law. Father Markey did not choose what crime Ireland charged him with. However, the crimes that Ireland charged him with no longer exist, nor did they exist at the time the Extradition Request was filed." Pet'r. Memo., at 17.

The doctrine of dual criminality "mandates that a prisoner be extradited only for conduct that constitutes a serious offense" in both the requesting and the surrendering country. Gallo-Chamorro v. United States, 233 F.3d 1298, 1306 (11th Cir. 2000). The doctrine is incorporated into Article II of the Treaty, which provides for extradition for any offense punishable under the laws of both countries.

5

Dual criminality "focuses on the characterization of the acts" of the person being charged, Gallo-Chamorro v. United States, 233 F.3d 1298, 1307 (11th Cir. 2000), and exists if the laws of both countries include the "component parts" of the crime charged. Wright v. Henkel, 190 U.S. 40, 61 (1903); *see also* Collins v. Loisel, 259 U.S. 309, 312 (1922) ("The law does not require that the name by which the crime is described in the two countries shall be the same; nor that the scope of the liability shall be coextensive, or, in other respects, the same in the two countries. It is enough if the particular act charged is criminal in both jurisdictions."); United States v. Riviere, 924 F.2d 1289, 1302 (3d Cir.1991) ("[T]he rule of double criminality does not require that the elements, purposes or punishment for foreign offenses be identical to ours. Rather, it requires that the acts charged be proscribed in each nation"). "Absolute identity is not required. The essential character of the transaction [must be] the same." Wright v. Henkel, 190 U.S. 40, 58 (1903).

Consideration of whether the essential character of the acts here at issue are the same and made criminal by each country convinces the court that the acts alleged would violate the laws of the United States and the laws of Ireland, whether governed by Ireland's 1861 Act or its 1993 Act. *See* In re Extradition of Exoo, 522 F. Supp. 2d 766, 776 (S.D. W.Va. 2007) ("It suffices if the statutes relate to the same general offense and punish conduct falling within the broad scope of the offense."). Father Markey's challenge to the charging document "seems to require a full-blown inquiry into . . . the question of whether the alleged acts constitute a

6

violation of [Irish law]. . . . [A]n extensive investigation of [Irish] law would be inappropriate. For one thing, [American courts] 'are not expected to become experts in the laws of foreign nations,' and the issue [Father Markey] raises could require just such expertise." Peters v. Egnor, 888 F.2d 713, 716 (10th Cir. 1989) (*quoting* In re Assarsson, 635 F.2d 1237, 1244 (7th Cir. 1980)).

The court agrees with Magistrate Judge Nuechterlein that "[w]hile Ireland may have modified its criminal law, codified existing common law, or abolished the use of various terms describing prohibited conduct, [Father] Markey cannot credibly argue, and this court does not accept, that sex with a minor, as alleged in the affidavit supporting the request for extradition, is legal now or was legal when allegedly committed in Ireland. . . .[T]he charged conduct fully satisfies the dual criminality requirement of the Treaty and the law of extradition." Op. and Ord (Feb. 18, 2010), at 5. Father Markey's request for habeas relief on this basis must be denied.

Probable Cause

*(a) Expert Testimony*

Father Markey maintains he was improperly precluded at the extradition hearing from introducing evidence that, he claims, explains Ireland's proof against him. Father Markey says he sought to have his expert, psychologist John Harris, testify in an attempt "to explain why an individual, who is going through alcoholism counseling, would suddenly make allegations forty years later. The

7

purpose of Dr. Harris's testimony was limited to explaining how the admittedly weak and incredible evidence that allegedly occurred over forty years ago could have simply been created in [the complaining witness's] mind." Pet'r. Memo., at 15. According to Father Markey, Magistrate Judge Nuechterlein "did not consider the testimony" before ruling that the testimony was inadmissible. The court can't agree.

Magistrate Judge Nuechterlein allowed Mr. Bassiouni and Mr. Truitt to each present information about, and their understanding of, the proposed testimony of Dr. Harris. At the conclusion of their proffers, the Magistrate Judge stated:

> I've heard argument and I've heard the proffer, and the evidence of the witness would not bring more. So I'm exercising my discretion and will not hear the testimony, but I'm not stripping [Father] Markey of his ability to argue through the proffer. . . . While Dr. Harris may more artfully explain his opinions, he certainly could not be more impassioned in the argumentation that counsel has given. . . . I cannot agree that what is being proffered and argued to the court today is anything less than contradictory evidence. . . . Again, it is not the function of this court to weigh the evidence. The capacity and the accuracy of the witness's capabilities to recollect what occurred and what happened is classic impeachment. As counsel well knows, that's the fertile ground for cross-examination and for evidence on the point as to whether the ultimate fact-finder should give the complaining witness credibility, but that simply isn't the function of this court at these stages.

Hrg. (Feb. 12, 2010) Tr., at 24-26. Thus, the record shows, contrary to Father Markey's assertion, that Magistrate Judge Nuechterlein considered the summary of Dr. Harris's testimony offered by counsel before concluding that Dr. Harris's proposed testimony was directed at the complaining witness's credibility and so not properly considered at an extradition hearing.

8

As Father Markey notes, Ireland's Extradition Request is based on statements from a person about incidents that occurred forty-two years ago. Father Markey explains that Dr. Harris would testify about why a person going through alcoholism counseling would suddenly make allegations forty years later and offer his opinion that the complaining witness's statement "could have simply been created in [his] mind." Pet'r. Memo., at 15. He claims Dr. Harris's testimony was "explanatory." Again, the court can't agree. Dr. Harris's proposed testimony is a challenge to the credibility of the complaining witness and/or the reliability of his statements and, so, is contradictory, not explanatory. *See* Esposito v. Adams, 700 F. Supp. 1470, 1477 (N.D. Ill. 1988) ("[T]he Seventh Circuit follows the majority view that questions of credibility are not properly raised in an extradition hearing."); United States v. Hunte, No. 04-M-0721, 2006 WL 20773, at *6 (E.D.N.Y. Jan. 4, 2006) ("Evidence which raises questions of credibility should properly await trial."); Sandhu v. Burke, No. 97-Civ.-4608, 2000 WL 191707, at *6 (S.D.N.Y Feb. 10, 2000) ("The rule is that the accused has no right to introduce evidence which merely contradicts the demand country's proof, or which only poses conflicts of credibility."). The magistrate judge's decision to not allow Dr. Harris to testify was not an abuse of discretion. *See* Shapiro v. Ferrandina, 478 F.2d 894, 901 (2d Cir. 1973) ("evidence of alibi or of facts contradicting the demanding country's proof or of a defense . . . may properly be excluded from the Magistrate's hearing"); Republic of France v. Moghadam, 617 F. Supp. 777, 781 (N.D. Cal. 1985) ("the scope of evidence admitted is left to the sound discretion of the court guided by the

distinction between contradictory and explanatory evidence"); Matter of Guillen, No. 90-CR-1056, 1991 WL 149623, at *8 (N.D. Ill. July 12, 1991) ("The extent of such explanatory evidence to be heard is largely in the discretion of the judge ruling on the extradition request.").

*(b) Question of Competent Evidence*

A person may be certified for extradition upon a finding of probable cause that he committed the offense he is charged with by the requesting country. Bovio v. United States, 989 F.2d 255, 258 (7th Cir. 1993). The probable cause requirement "does not measure whether petitioner is guilty and is not affected by the possibility of contradictory or exculpatory evidence. Rather, 'competent evidence to establish reasonable grounds [to extradite] is not necessarily evidence competent to convict.'" Lindstrom v. Gilkey, No. 98-C-5191, 1999 WL 342320, at *9 (N.D. Ill. May 14, 1999) (*quoting* Fernandez v. Phillips, 268 U.S. 311, 312 (1925)).

Father Markey challenges the magistrate judge's finding of probable cause based on his claim that the extradition packet wasn't introduced into the record at the extradition hearing or made part of the record at the identity hearing. According to Father Markey, "[t]rue, the magistrate judge reviewed it and relied upon it, but the government withdrew it from the courtroom and it was not re-introduced. Therefore, reference to the packet or its contents is not a reference to

evidence of record before the court and cannot be relied upon to find probable cause." Pet'r Reply, at 3.

The transcript of the December 10, 2009 identity hearing shows that the extradition packet was tendered to the magistrate judge at the beginning of the hearing and then admitted into evidence as Government Exhibit 1. Hrg. (Dec. 10, 2009) Tr., at 13-14. Assistant United States Attorney Hays represented to the court that a copy of the extradition packet had been provided to Father Markey's counsel, Robert Truitt, and Mr. Truitt confirmed his receipt of the documents and indicated that he had no objection to their admission. At the end of the hearing and without objection from Mr. Truitt, the extradition packet was returned to AUSA Hays for safekeeping, with the agreement that the packet would be returned to the court if needed. Hrg. (Dec. 10, 2009) Tr., at 29-30.

The admissibility of evidence at an extradition hearing is governed by 18 U.S.C. § 3190, which provides that depositions, warrants, or other papers or copies thereof offered in evidence are admissible at the hearing if they're "properly and legally authenticated so as to entitle them to be received for similar purposes by the tribunals of the foreign country." The statute also provides that "the certificate of the principal diplomatic or consular officer of the United States resident in such foreign country shall be proof" of that authentication." The extradition documents contain the proper authentications, a fact Father Markey doesn't challenge, and so were properly admitted into evidence by Magistrate Judge Nuechterlein.

11

At the February 12 extradition hearing, AUSA Hays reported to the court as follows:

> MR. HAYS: With respect to further hearing on 3184, the government has made its presentation previously before the court, with the one witness, the extradition packet – which, by the way, I did not bring with me; but if the court needs it again, I would be happy to retrieve it, of course – so I think the ball is in the extradition defendant's court.
>
> THE COURT: Okay. So the position of the United States is that it is prepared to answer any arguments that might be raised with respect to the defendant's motion to dismiss, but with respect to the 18 U.S.C. 3184 hearing, the government has rested on that?
>
> MR. HAYS: Yes, sir, that is correct.

Hrg. (Feb. 12, 2010) Tr., at 2-3. No objection was raised by Mr. Truitt or his co-counsel Mahmoud Bassiouni to proceeding with the hearing in the absence of the extradition packet in the courtroom.

Father Markey, now represented by different counsel, claims that the mere "reference to the packet or its contents is not a reference to evidence of record before the court and cannot be relied upon to find probable cause." Pet'r Reply, at 3. Father Markey, though, hasn't argued that Magistrate Judge Nuechterlein wasn't afforded ample time to examine and review the extradition packet; he doesn't claim that the attorneys who were representing him at the hearing were unfamiliar with or hadn't had sufficient time to examine the extradition documents; he hasn't complained that the magistrate judge didn't consider the entirety of the evidence presented by the parties in making his finding of probable

cause; nor has he argued that he was prejudiced in any way by the absence of the extradition documents from the courtroom.

While the extradition packet wasn't present in the courtroom during the extradition hearing, the packet had been introduced and admitted into evidence during the earlier identification hearing. AUSA Hays announced at the extradition hearing that the government was resting its case on the extradition documents without presenting any further evidence. Nothing in this record suggests that any participant at the extradition hearing believed that the extradition documents were unavailable for consideration by the court and the parties during the hearing, especially in light of Father Markey's motion to dismiss, argued and addressed at the extradition hearing, challenging the extradition documents' facts and allegations. Father Markey has produced no legal support (and the court has found none) for a finding that the magistrate judge couldn't rely on the extradition documents in his finding of probable cause.

*(c) Review of Probable Cause*

Review of the extradition documents convinces the court that competent evidence exists to support a finding of probable cause to extradite Father Markey. The evidence includes a summary of the facts of the case and the Affidavit of Pat Godfrey, a Professional Officer in the Office of the Director of Public Prosecutions, the office in Ireland that decides whether evidence assembled by the Irish Police warrants the prosecution of any person. According to Mr. Godfrey, the complaining

witness's statement appears to be credible based on (1) a police interview with the complaining witness's counselor, whose statement they concluded "adds credibility to the allegations" made by the complaining witness; (2) a statement from a person who verified through records that the pilgrimage and the football game described by the complaining witness occurred at the times and places alleged and all parties mentioned were present at the pilgrimage; and (3) an additional confirmatory statement offered by the complaining witness's sister. *See* Godfrey Aff., ¶¶ 8-10. Mr. Godfrey concludes that "[f]ollowing a lengthy consideration of this investigation file, it was eventually decided by the Director of Public Prosecutions that Fr. Francis Markey be prosecuted on indictment for two counts of buggery" based on their belief that sufficient evidence exists for Father Markey to stand trial in Ireland. *See* Godfrey Aff., ¶¶ 12-13.

"The question is whether there is evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." Matter of Guillen, No. 90-CR-1056, 1991 WL 149623, at *8 (N.D. Ill. July 12, 1991). The court concludes there is. Competent evidence exists to support the magistrate judge's finding of probable cause and a finding that Father Markey should be returned to Ireland to stand trial for the offenses alleged. *See* Peters v. Egnor, 888 F.2d 713, 717 (10th Cir. 1989) (evidence is reviewed "'to determine whether there is competent evidence to justify holding the accused to await trial, and not to determine whether the evidence is sufficient to justify a conviction'" (*quoting* Collins v. Loisel, 259 U.S. 309, 316 (1922))).

14

## II. CONCLUSION

For the reasons stated above, the court

(a) AFFIRMS the magistrate judge's finding of probable cause and February 18, 2010 issuance of the Amended Certificate of Extraditability and Warrant of Commitment;

(b) DENIES the relief sought in the Petition for Writ of Habeas Corpus [docket # 1]; and

(c) DENIES as unnecessary petitioner's motion for stay of execution [docket # 3 and docket #9 ] and motion for oral argument [docket # 11].

SO ORDERED.

ENTERED:   April 16, 2010


       /s/ Robert L. Miller, Jr.
    Judge
    United States District Court